**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-01443-001-TUC-RCC (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Leonard Anthony Morales, | |
| Defendant. | |

On February 4, 2019, Defendant Leonard Morales filed a pro se Motion to Award Good Time Credit Pursuant to the First Step Act. (Doc. 342.) Contemporaneously, Defendant filed a Motion to Appoint Counsel that the Court granted. (Doc. 344.) Counsel filed another motion, asking the Court to direct the Bureau of Prisons ("BOP") to recalculate Defendant's sentence pursuant to the First Step Act's amendment to 18 U.S.C. § 3624(b), which increases the maximum good time credits from 47 to 54 days. (Doc. 346.) The Government responded. (Doc. 347.) Defendant did not file a reply.

*First Step Act*

The President signed the First Step Act on December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Certain provisions of the Act are retroactive. *See* Act § 102(g)(3) ("The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987.").

Title I of the Act allows the BOP to increase the number of good time credits available to prisoners – from 47 to 54 days of credit for each year of an inmate's sentence. *See Barber v. Thomas*, 560 U.S. 474, 479 (2010) (establishing the 47–day maximum good time credits currently employed by the BOP). However, this retroactive application is not effective until July 19, 2019. Pub. L. No. 115-391, 132 Stat. 5194 §§ 101, 102. Furthermore, the BOP has 210 days from the enactment to develop and implement the system for decreased recidivism, including the increase in good time credits. *See* 18 U.S.C. § 3632 (permitting seven months from Act's effective date to develop a system for implementing the changes).

*Discussion*

Courts are not permitted to consider claims that are not yet ripe, and "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citations omitted). Alas, the Court cannot grant Defendant relief because the First Step Act is not yet effective. In addition, Defendant cannot have exhausted his administrative remedies at this point because the increase in good time credits is not yet implemented by the BOP. Finally, even if the Act were effective and Defendant had exhausted his remedies, the proper mode to challenge his good time credits is through filing a § 2241 habeas in the custodial court, not the sentencing court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Any further challenge must therefore be filed in the Western District of Texas where Defendant is confined.

Accordingly, IT IS ORDERED Defendant's pro se Motion to Award Good Time Credit Pursuant to the First Step Act (Doc. 342) and Motion to Direct Bureau of Prisons to Apply the First Step Act of 2018 and Recalculate Defendant's Projected Release Date (Doc. 346) are DENIED.

Dated this 27th day of June, 2019.

Honorable Raner C. Collins
Senior United States District Judge